WESTERMAN v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Term. November 6, 1903.)

1. STREET RAILWAYS—COLLISION WITH TEAM CROSSING TRACK—CONTRIBUTORY NEGLIGENCE.

A finding that plaintiff, injured by the wagon on which he was riding being struck by a street car, was not guilty of contributory negligence, is authorized, there being evidence that the car had stopped half a block away, when the wagon approached the track, by a diagonal path, to cross it, though plaintiff did not look for the car; the place not being one of obvious danger, and there being evidence that, if he had looked, the position of the car was such that danger in attempting to cross would not have been apparent.

Appeal from City Court of New York.

Action by James J. Westerman against the Metropolitan Street Railway Company. From a judgment on a verdict for plaintiff, defendant appeals. Affirmed.

Argued before FREEDMAN, P. J., and BISCHOFF and BLANCHARD, JJ.

H. A. Robinson (F. Angelo Gaynor and Bayard H. Ames, of coun-
.sel), for appellant.
. J. Arthur Hilton and M. Casewell Heine, for respondent.

BISCHOFF, J. The jury could properly find from the evidence
that the car had stopped at a point half a block away when the wagon
approached the track in the course of an attempt to cross. The path
taken was diagonal; hence the inference that the car overtook the
wagon is permissible, and there is no improbability in the account
given by plaintiff's witness that the car proceeded 85 feet while the
wagon was thus making a diagonal crossing. Concededly, negligence
of the driver of the wagon was not to be imputed to the plaintiff, and
his failure to look for the car was not necessarily an act of negligence.
The place was not a place of obvious danger, as at a railway crossing,
and the position of the car was such that, had he looked, danger in
the attempt to cross was not apparent, according to acceptable evi-
dence. Therefore the jury could find, as a matter of reasonable in-
ference, that there was no contributory negligence. Lane v. Brook-
lyn Heights R. R. Co., 85 App. Div. 89, 82 N. Y. Supp. 1057.

Judgment affirmed, with costs. All concur